UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>HARLEY L. HOWELL,<br><br>Defendant. | Case No. 2:17-mj-09855-EJL<br>2:17-cr-00248-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Defendant's Motion to Revoke Detention Order seeking to appeal the Magistrate Judge's Order of Detention. (Dkt. 16.) The parties have filed their responsive briefing on the Motion and, on September 27, 2017, the Court heard argument from the parties. For the reasons stated herein, the Court denies Defendant's Motion.

## FACTUAL AND PROCEDURAL HISTORY

On August 27, 2017, a Criminal Complaint was filed charging the Defendant, Harley L. Howell, with Travel with Intent to Engage in Illicit Sexual Conduct. (Dkt. 1.) On the same day, the Government filed a Motion for Detention and an Arrest Warrant was issued for Mr. Howell. (Dkt. 2, 6.) Chief United States Magistrate Judge Ronald E. Bush held an initial appearance on the Complaint at which he appointed counsel and issued an Order of Temporary Detention. (Dkt. 5, 7, 8.)[1] Mr. Howell appeared before Magistrate

---

[1] Mr. Howell waived his appearance at the initial appearance. (Dkt. 7.)

Judge Bush on August 31, 2017 for a detention hearing at which the parties presented testimony and evidence. Magistrate Judge Bush issued an oral ruling granting the Government's Motion for Detention and followed up by issuing a written Order of Detention. (Dkt. 11, 12, 19.)

The Order of Detention Pending Trial reflects that the Magistrate Judge found the rebuttable presumption under 18 U.S.C. § 3142(e)(3) applied in this case because there is probable cause to believe the Defendant committed an offense involving a minor victim. (Dkt. 12.) The Magistrate Judge went on to determine that although the Defendant had presented evidence sufficient to rebut the presumption, detention is warranted in this case because the Government had proven by clear and convincing evidence that no conditions will reasonably assure the safety of other persons and the community. (Dkt. 12.) Mr. Howell's Motion appeals the Magistrate Judge's Order of Detention. (Dkt. 16.) This Court held a hearing on the Motion on September 27, 2017 and finds as follows. (Dkt. 26.)[2]

## STANDARD OF REVIEW

In considering the Defendant's Appeal of the Magistrate Judge's Detention Order, this Court reviews the matter *de novo* and makes its own independent determination on the correctness of the Magistrate Judge's findings without giving deference to those findings. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). In doing so, the Court

---

[2]After the briefing on this Motion was completed and shortly before this Court held a hearing on the same, the Government filed and Indictment formally charging the Defendant with Travel with Intent to Engage in Illicit Sexual Conduct. The Miscellaneous Case containing the Motion before this Court was then merged into a criminal case, Case No. 2:17-cr-00248-DCN, which has been assigned to District Court Judge David C. Nye. This Court, therefore, will rule only on the Motion to Revoke Detention Order that was assigned to it in the Miscellaneous Case. The remainder of this case will be presided over by Judge Nye.

must "review the evidence before the magistrate" and any additional evidence proffered by the parties "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. The Court may conduct its own evidentiary hearing but it "is not required to start over in every case, and proceed as if the magistrate's decision and findings do not exist." *Id.* at 1191-92.

## DISCUSSION

Upon a complete *de novo* review of the entire record in this case and considering the factors set forth in 18 U.S.C. § 3142, the Court finds the Defendant's Motion to Revoke Detention Order should be denied. This Court agrees with the Magistrate Judge's findings based on the record in this case as well as the arguments presented to this Court.[3]

The release or detention of a defendant pending trial is governed by the Bail Reform Act, 18 U.S.C. § 3142, which requires the release of a person pending trial unless the Court "finds that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of any other person and the community...." 18 U.S.C. § 3142(e)(1).[4] Thus, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir.

---

[3]In making this determination, the Court has reviewed the case law cited by the defense but finds differently for the reasons stated herein. *See United States v. Kahn*, 524 F.Supp.2d 1278, 1281 (W.D. Wash. 2007); *United States v. Fenn*, 2016 WL 1546220 (E.D. Va. April 15, 2016).

[4]Subsection (e) states in full: "If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

2008).

A rebuttable presumption arises under 18 U.S.C. § 3142(e)(3) where, as relevant here, the offense involves a minor victim under several listed subsections of Title 18 including the statute under which the Defendant in this case has been charged, 18 U.S.C. § 2423. The parties disagree over whether the rebuttable presumption applies in this case given there was no actual minor victim because the Defendant was communicating only with an undercover agent. The Magistrate Judge concluded the presumption applied. This Court has reviewed the parties' arguments as well as the applicable case law and concludes that the rebuttable presumption applies in this case.

Section 3142(e)(3) explicitly lists offenses involving a minor victim as charged in 18 U.S.C. § 2423 which is the statute charged against Mr. Howell in this case. That there was no "actual" minor victim in this case does not change the express language of the statute. Nothing in the Bail Reform Act distinguishes between the offense listed in § 3142(e)(3)(E) which involve "actual" minor victims and those that do not. As such, this Court applies the plain and express language of the statute to include the charge against Mr. Howell in this case as giving rise to the rebuttable presumption.

This Court next determines whether Mr. Howell has rebutted the presumption. The defense points to: the Defendant's lack of criminal history, no evidence of substance abuse problems, no mental health issues, his family ties and connection to the community, the Defendant's full-time employment, and his willingness to abide by whatever conditions the Court imposes. (Dkt. 19.) The Defendant's father testified at the detention hearing on his behalf as further evidence of his family ties and support. At the hearing before this

Court, the Defendant's mother testified regarding the Defendant's ties to the community and family support. Based on the record and the presentation at the hearing, the Court finds the defense has presented evidence sufficient to rebut the presumption.

Thus, the burden shifts to the Government to show by "clear and convincing evidence, that the Defendant is a danger to any other person or the community." *Hir*, 517 F.3d at 1086; 18 U.S.C. § 3142(f)(2)(B).[5] The presentation of evidence is not limited to sworn testimony and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.").

The factors to be considered in making this determination are detailed in § 3142(g) and include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug and alcohol abuse; and (4) the nature and seriousness of danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).[6] The Court takes into account all available information concerning

---

[5] The Government does not argue the Defendant is a risk of flight. Therefore, the Court has not addressed that aspect of 18 U.S.C. § 3142.

[6](1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2)    the weight of the evidence against the person;
(3)    the history and characteristics of the person, including--
    (A)    the person's character, physical and mental condition, family ties, employment, financial

the factors set forth in § 3142(g).

In this case, as to the first factor, Mr. Howell is charged with Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b). (Dkt. 1.) The charge carries a thirty year maximum sentence with not less than five years of supervised release. The probable cause Affidavit alleges Mr. Howell initiated a chat with an undercover agent on a social networking site and crossed state lines with the intention of engaging in sexual activity with an individual he believed to be under the age of eighteen. (Dkt. 1, Aff. Hart.) Thus, the nature and circumstances of the charged offenses involve allegations that Mr. Howell intended to engage in sexual conduct with a known minor. As such, the nature and circumstances of the alleged offense weigh in favor of detention.

As to the second factor, the Ninth Circuit held "the weight of the evidence is the least important of the various factors" to be considered by the Court. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Nevertheless, the weight of the evidence against the person remains a factor as the statute requires that the Court consider the evidence against the person. The Ninth Circuit has not held the second factor is not important or not to be considered at all. Instead, it is among the § 3142(g) factors to be

---

resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

considered although the other factors are more important. In this case, the defense argues the Government's motion for detention is based entirely on this factor.

The Government has shown the weight of the evidence against Mr. Howell in this case is strong. (Dkt. 1, 19.) The investigative evidence, Affidavit in support of probable cause and attached materials, and Mr. Howell's own statements to law enforcement all go to support this factor weighing in favor of detention. On this point, the Court makes no assumption that Mr. Howell would be convicted of the charge and presumes him to be innocent. As is appropriate, the Court gives the least weight to this factor in this case but notes the weight of the evidence against Mr. Howell is considerable.

The third factor, the history and characteristics of the Defendant, has evidence both in favor of and against detention. The defense points out that Mr. Howell has ties to the community and family support, he maintains employment, has no criminal history or substance abuse issues, was compliant with law enforcement upon his arrest, and poses no flight risk. The Government, on the other hand, offers countering evidence in support of detention. Primarily, Mr. Howell's own admissions that he intended to engage in sex with an individual he knew was under eighteen years of age and that he had multiple prior sexual encounters with another fourteen year old boy and other sexual encounters with individuals he believed were under the age of eighteen. Given the number and frequency of the prior recent sexual encounters with minors, the Government argued Mr. Howell's conduct amounts to "extreme sexual compulsion" and that he poses a risk to the safety of other persons, particularly minors, in the community.

The Court has considered the defense's arguments as to Mr. Howell's positive

history and characteristics but finds the Government's position is more compelling. Mr. Howell's own admissions to numerous prior sexual encounters with known minors strongly weighs in favor of detention. His statements about prior encounters with minors reveals a pattern of activity consistent with the allegations in this case showing he presents a danger to other persons, particularly minors, and the community in general. Further, the nature of the exchange between Mr. Howell and the undercover agent makes clear that Mr. Howell's intentions were to continue that pattern and engage in sexual acts with a known minor. When he was apprehended, officers discovered physical evidence that Mr. Howell intended to commit the alleged crime in the form of personal lubricant and condoms.

On the final factor, the Court has considered the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g)(4). For the same reasons stated above, the Court finds the release of Mr. Howell poses a serious danger to persons in the community based on the evidence presented by the Government. In particular, the Court finds the allegations against Mr. Howell and his admissions of prior similar acts make him a serious danger to the community.

The Pretrial Services Report states the probation officer "seriously considered recommending release" and proposed conditions in the event the court orders release but, ultimately, the probation officer recommended detention based on the Defendant's admissions of prior sexual encounters with several minors. The probation officer noted the Defendant's conduct "appears to be a continued pattern of behavior" and concludes he is "unsure how the community can be protected even with the strict conditions" proposed in the report.

At the hearing before this Court, the defense questioned the Government's representations of the Defendant's admissions and statements to law enforcement following his arrest. The Court directed the Government to file an affidavit regarding the Defendant's statements to law enforcement following his arrest. The Government has done so and the Court has reviewed the submitted affidavit and attached materials and finds, solely for purposes of this Motion, that those records support the Government's representations of the Defendant's statements to law enforcement. (Dkt. 27.) The Defendant told law enforcement he had prior sexual contact with multiple minors over the course of the last year using the same method employed in this case. Thus, the Defendant has exhibited a consistent and repeated pattern of recent prior conduct involving minors as alleged in the charge in this case which makes him a danger to the community.

Having conducted a *de novo* review of the record in this matter and considering the parties' arguments presented on this Motion, the Court finds the Government has shown by clear and convincing evidence that Mr. Howell poses a danger to the community based on Mr. Howell's admitted prior similar activities and the evidence of his intention to engage in similar unlawful acts. Making no determination as to the Defendant's innocence or guilt on the charge, the Court finds that the evidence presented by the Government reveals significant evidence against Mr. Howell to support the charge. Though it is of lesser importance, the weight of the evidence is substantial in this case. The Court's finding of dangerousness in this case is, however, based more upon the nature and circumstances of the offense, the nature and seriousness of the danger posed, and Mr. Howell's admissions to similar past conduct. For these reasons, the Court finds Mr. Howell presents a danger to

the public.

The Court also finds there are no condition or combination of conditions that will reasonably assure the safety of any other person in the community. *See* 18 U.S.C. § 3142(e). The Court has given serious consideration to the possible release conditions proposed in this case, including: no internet access, electronic surveillance, home curfew, and placing Mr. Howell with his parents as custodians. Even with all of those conditions, the Court finds Mr. Howell remains a danger to the community. The proposed conditions along with the standard conditions of release depend on Mr. Howell's good faith compliance in order to be effective in reasonably assuring the safety of the community. Because Mr. Howell has admitted to several prior sexual acts with individuals he knew to be minors, the Court is not reasonably assured that other people or the community will be safe if Mr. Howell is released even with the combination of proposed conditions imposed. Accordingly, the Court denies the Defendant's Motion and affirms the Detention Order.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** that Defendant's Motion to Revoke Detention Order (Dkt. 16) is **DENIED**. The Magistrate Judge's Detention Order (Dkt. 12, 19) is **AFFIRMED**.

DATED: October 3, 2017

_____
Honorable Edward J. Lodge
United States District Court